AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Julio Cesar Sanchez<br><br>*Defendant(s)* | Case No.  3  18-70969 |

**FILED**
JUL 1 3 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 11, 2018__ in the county of __San Mateo__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(5)(A) | Alien, who is illegally or unlawfully in the United States, in possession of a firearm<br><br>Penalties: Maximum 10 years' imprisonment, maximum 3 year term of supervised release, maximum $250,000 fine, $100 mandatory special assessment, forfeiture, potential deportation |

This criminal complaint is based on these facts:

See attached affidavit of ATF SA Niccolo R. Coia

☑ Continued on the attached sheet.

Approved as to form _____
AUSA Armbrust

*Complainant's signature*
Niccolo R. Coia, Special Agent, ~~DEA~~ ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7-12-18

*Judge's signature*

City and state:  San Francisco, California    Hon. Maria-Elena James, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Niccolo R. Coia, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), being duly sworn, depose and state the following:

## I. INTRODUCTION

1. I make this Affidavit in support of a Criminal Complaint against Julio Cesar SANCHEZ, for violation of Title 18, United States Code, Section 922(g)(5), alien in possession of a firearm.

2. The facts set forth in this Affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents related to this investigation, communications with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of a Complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation.

## II. AGENT BACKGROUND

4. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since July 2014. I am presently assigned to the ATF San Francisco Metro Field Office in San Francisco, California. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7).

5. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and Special Agent Basic Training at the ATF National Academy in Glynco, Georgia. The training that I received at the academy included formalized instruction in, among other things, drug, firearms, and violent crime-related investigations, drug identification and detection, interdiction, familiarization with United States drug and firearms laws, financial investigations and money laundering, identification and seizure of drug and firearms tracking related assets, physical and electronic surveillance, weapon qualification and tactics, operation and use of confidential sources, and undercover operations.

6. As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in and/or served as the primary case agent in cases involving various types of investigative techniques, including the use of electronic surveillance, assistance from undercover agents and informants, and the controlled purchases of firearms and narcotics from suspects. I also have participated in physical surveillance operations, the execution of state and federal arrest warrants, and in the serving of state and federal search warrants, resulting in state and federal prosecution of defendants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, telephone toll

1

and subscriber records, as well as information gathered from social media. My work with informants and cooperators has involved, among other things, monitoring meetings and recorded conversations, and generally evaluating the reliability and truthfulness of an informant/cooperator.

7.     I have initiated and/or participated in multiple Organized Crime Drug Enforcement Task Force (OCDETF) investigations. The OCDETF program is part of the United States Attorney General's strategy to reduce the availability of drugs by disrupting major trafficking organizations through joint collaborations across agencies.

8.     Over the past year, I have worked with other experienced agents, law enforcement officers and prosecutors on cases that involve the use of electronic surveillance to investigating Mexican Drug Trafficking Organizations ("DTOs") that are trafficking narcotics internationally and/or across multiple jurisdictions within the United States. In these investigations, I have monitored, supervised, conducted surveillance, or otherwise participated in several investigations that utilized electronic and/or wire interceptions. In the course of working on investigations using electronic and/or wire interception, I have monitored, listened to, reviewed transcripts and/or "line sheets" of over 500 intercepted conversations. I estimate that the majority of these conversations were in Spanish and involved the trafficking of methamphetamine, cocaine, and heroin by Mexican DTOs, and that the majority of the narcotics trafficking conversations intercepted employed some form of code to thwart law enforcement.

9.     As a result of my training and experience, I have become familiar with the manner in which illegal firearm and drug traffickers smuggle, transport, store, conceal and distribute firearms and drugs, as well as how they collect and launder proceeds related to such activities. I am also familiar with the manner in which these individuals use telephones, coded communications, false or fictitious identities, social media, and other means to facilitate illegal activities and thwart law enforcement investigations. I have also consulted and discussed these investigations with other law enforcement officers and agents who are experienced in these types of investigations

10.    I have participated in the investigation discussed in this Affidavit. I also have discussed the investigation with other ATF and DEA agents and with other law enforcement agencies involved in it. I have reviewed records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another ATF and DEA agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and reviewed.

11.    This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

### III.    APPLICABLE LAW

12.    Title 18, United States Code, Section 922(g)(5)(A), makes it unlawful for any person who "being an alien – is illegally or unlawfully in the United States" to possess a firearm.

2

## IV. FACTS ESTABLISHING PROBABLE CAUSE

### A. July 11, 2018: Seizure of a Firearm from SANCHEZ's Home

13. On July 9, 2018, Judge Mark Forlum, of the San Mateo County Superior Court, issued a warrant for the arrest of Julio Cesar SANCHEZ, for violation of California Health and Safety Code 11352(a), Selling Controlled Substances on August 28, 2017.

14. On July 10, 2018, United States Magistrate Judge Laurel Beeler, of the Northern District of California, issued a Federal Search and Seizure Warrant for SANCHEZ's person and his residence, located at 1201 Monte Diablo Avenue, Apartment 323, in San Mateo, California.

15. On July 11, 2018, ATF and DEA Special Agents executed a Federal Search Warrant at SANCHEZ's residence. During the search warrant, Special Agents located SANCHEZ inside his residence, and arrested him pursuant to his State Arrest Warrant issued on July 9, 2018.

16. During the search, ATF Task Force Officer (TFO) Stephen Light recovered a firearm inside of a bathroom drawer. The recovered firearm is described as follows: Erma Werke EP-25, .25 Caliber bearing Serial Number: 14205. In this same drawer, TFO Light, TFO Roger Lee, and Special Agent Nathan Sanchez located a spoon with suspected cocaine residue on it. Based on their training and experience, TFO Light, TFO Lee, and Special Agent Sanchez believed the residue on the spoon to be powder cocaine based on its texture and appearance, and also with the fact that more suspected cocaine was recovered inside SANCHEZ's bedroom of the residence.

17. Further, TFO Light recovered a Mexico Matricular Consular Identification Card with a photograph of an individual appearing to be SANCHEZ in the same drawer that the firearm was recovered. Special Agent Sanchez noted that this card was damaged, as the top film of the card with the personal identifiers was peeling off. Special Agent Sanchez reviewed SANCHEZ's criminal history and located his date of birth. Special Agent Sanchez determined that this card belonged to SANCHEZ. Additionally, TFO Light recovered a Resident Alien Identification Card in the name of Julio-Cesar SANCHEZ inside the same drawer. The Resident Alien Card included the same date of birth that appeared on the Mexico Matricular Consular Identification Card and an Alien Number.

### B. Evidence of SANCHEZ's Alienage

18. On July 12, 2018, I contacted Immigration and Customs ("ICE") Special Agent Jeffery Castro in regards to SANCHEZ. Special Agent Castro researched the Resident Alien Card located at SANCHEZ's residence bearing number "A096823073". Special Agent Castro advised me that the Alien Number that appeared on the Resident Alien Card located in SANCHEZ's bathroom drawer is linked to another individual whom I believe, based on the name, is a female. Special Agent Castro stated that the recovered Resident Alien Card may be fake, as the number did not come back to SANCHEZ.

19. Special Agent Castro queried an internal database and identified the same date of birth for SANCHEZ depicted on the identification documents found in his home. Special Agent Castro also located a different Alien Number for SANCHEZ. Based on Special Agent Castro's research, SANCHEZ was encountered by the United States Border Patrol on April 21, 2004 in

3

Douglas, Arizona. SANCHEZ was not a United States Citizen at that time, and voluntarily returned to Mexico that day. More recently, SANCHEZ was encountered by ICE San Francisco and the San Mateo County Sheriff's Office on February 26, 2013. On this day, SANCHEZ received a Notice to Appear for Entry without Inspection to the United States. SANCHEZ is currently on bond in immigration proceedings. Special Agent Castro confirmed that SANCHEZ is not a United States Citizen.

### C.  Interstate Nexus For the Recovered Firearm

20. On July 12, 2018, I contacted ATF Special Agent Daniel Garza, who has received specialized training in determining the identity and origin of firearms and ammunition, and has successfully completed ATF's Interstate Nexus Training. Based on my training and experience as an ATF Special Agent, and my consultation with Special Agent Garza, I believe that the recovered firearm is not manufactured in the State of California. Thus, possession of the firearm in California would affect interstate and/or foreign commerce.

### V.  CONCLUSION

21. Based upon the information contained within this Affidavit, I submit that I have established probable cause to believe that Julio Cesar SANCHEZ, has violated Title 18, United States Code, Section 922(g)(5), alien in possession of a firearm.

### VI.  REQUEST FOR SEALING

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully submitted,

_____
Niccolo R. Coia
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Subscribed and sworn to before me on July 12, 2018.

_____
HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

4