UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| USA, | Case No. 18-cr-00331-EMC-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| JULIO CESAR SANCHEZ, | Docket No. 15 |
| Defendant. | |

Defendants Julio Cesar Sanchez has been charged with possession with intent to distribute and distribution of cocaine, as well as being an alien illegally or unlawfully in the United States and in possession of a firearm. Currently pending before the Court is Mr. Sanchez's motion to dismiss. Relying on *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012), and its progeny, Mr. Sanchez argues that ICE cannot detain him and that he must be released from custody pursuant to the bail conditions previously determined by Judge James – and that if he is not released, then this criminal case must be dismissed.

As the Court noted at the hearing, there is a split among the district courts as to whether *Trujillo-Alvarez* was correctly decided and/or how to interpret *Trujillo-Alvarez*. No circuit court has yet to weigh in on the issue, although the issue has been raised in an appeal before the Second Circuit.[1] The Court finds the analysis in *United States v. Nunez*, No. 5:18-cr-00040-001, 2018

---

[1] Contrary to what Mr. Sanchez argues, the Ninth Circuit did not clearly decide the issue in *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015). In *Santos-Flores*, the court simply cited *Trujillo-Alvarez* for two limited propositions: (1) that "the risk of nonappearance referenced in 18 U.S.C. § 3142 [part of the Bail Reform Act] must involve an element of volition"; and (2) that a "district court may craft an appropriate remedy" "[i]f the government, by placing [an alien] in immigration detention or removing him, jeopardizes the district court's ability to try him." *Id.* at 1091. The Ninth Circuit expressly stated that it did not "reach the relevance, if any, of 8 C.F.R. § 215.3(g), which provides that the departure from the United States of an alien who is needed as a

U.S. Dist. LEXIS 80335 (E.D. Pa. May 9, 2018), persuasive. That is, there is no inherent conflict between parallel criminal and removal proceedings, and thus, as a general matter, ICE has the authority to detain an alien who is a criminal defendant even if a district court has found that the alien is entitled bail under the Bail Reform Act. ICE, however, may not detain where its "'true motive'" is to impede the alien's defense of his criminal case. *Id.* at \*19. Nor may ICE detain for the purpose of securing the alien's appearance at the criminal trial (as opposed to removal proceedings). *See id.* at \*17-19 (construing *Trujillo-Alvarez* to have limited application – *i.e.*, where ICE is detaining the alien not to deport him but rather to ensure his appearance at the criminal trial).

In the instant case, Mr. Sanchez concedes that, at present, there is nothing to indicate a "bad motive" on the part of ICE in detaining him for removal-related purposes. Indeed, notably, removal proceedings were initiated against Mr. Sanchez prior to this criminal case, and the criminal case does not involve alleged violations of immigration law. Accordingly, the Court denies Mr. Sanchez's motion to dismiss. The denial, however, is without prejudice, particularly because, as noted above, the detention by ICE may not interfere with the criminal proceedings herein by obstructing reasonable access to counsel. Mr. Sanchez is not precluded from seeking relief should, *e.g.*, the detention by ICE impact his Sixth Amendment right to counsel (including his access to counsel) and his rights under the Speedy Trial Act.

This order disposes of Docket No. 15.

**IT IS SO ORDERED**.

Dated: August 28, 2018

_____
EDWARD M. CHEN
United States District Judge

---

party to a criminal case shall be deemed prejudicial to the interests of the United States." *Id.* at 1091 n.3.

2